IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARDIOFOCUS, INC., | |
| Plaintiff, | Case No. _____ |
| v. | |
| CANDELA CORPORATION; IPG PHOTONICS CORPORATION; PHOTOMEDEX, INC; SURGICAL LASER TECHNOLOGIES, INC.; XINTEC CORPORATION (D/B/A CONVERGENT LASER TECHNOLOGIES); TRIMEDYNE, INC.; LASERSCOPE; CARDIOGENESIS CORPORATION; AND NEW STAR LASERS, INC. | |
| Defendants. | |

## COMPLAINT

Plaintiff, CardioFocus, Inc. ("CardioFocus"), complains of defendants Candela Corporation ("Candela"); IPG Photonics Corporation ("IPG"); PhotoMedex, Inc. ("PhotoMedex"); Surgical Laser Technologies, Inc. ("SLT"); Xintec Corporation (d/b/a Convergent Laser Technologies) ("Convergent"); Trimedyne, Inc. ("Trimedyne"); Laserscope; Cardiogenesis Corporation ("Cardiogenesis") and New Star Lasers, Inc. ("New Star") as follows:

## NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

**PARTIES**

2.    CardioFocus is a Delaware corporation with a principal place of business in this judicial district at 500 Nickerson Road, Suite 500-200, Marlborough, Massachusetts 01752.

3.    CardioFocus researches and develops laser catheter systems.  One such system, the Endoscopic Ablation System (EAS), is currently undergoing FDA approved clinical studies for the treatment of atrial fibrillation.

4.    As a small healthcare technology company, CardioFocus depends on the protections of the patent system to attract investors, fund operations, and bring life saving solutions to the public.

5.    CardioFocus owns all right, title and interest in and has standing to sue for infringement of the following United States Patents: United States Patent No. 6,547,780 ("the '780 Patent"), entitled "Infrared Laser Catheter System" (attached hereto as Exhibit A); United States Patent No. 6,159,203 ("the '203 Patent"), entitled "Infrared Laser Catheter System"(attached hereto as Exhibit B); and United States Patent No. 5,843,073 ("the '073 Patent"), entitled "Infrared Laser Catheter System" (attached hereto as Exhibit C) (collectively, the "CardioFocus Patents").

6.    CardioFocus has complied with the provisions of 35 U.S.C. §287(a) with respect to the CardioFocus Patents.

7.    The CardioFocus Patents all name Edward L. Sinofsky PhD as the sole inventor.

8.    Dr. Sinofsky conceived and developed the subject matter of the CardioFocus Patents while employed as a senior scientist in the interventional cardiology division of C.R. Bard, Inc. in Billerica, Massachusetts in this judicial district.

9.     Dr. Sinofsky is a pioneer in the field of midinfrared laser technology and is a named inventor on more than 50 U.S. Patents.

10.     Dr. Sinofsky currently owns and operates a small business in South Yarmouth, Massachusetts and resides in Dennis, Massachusetts, both located in this judicial district.

11.     Defendant Candela Corporation is a Delaware corporation with a principal place of business at 530 Boston Post Road, Wayland, Massachusetts 01778.  Candela has committed acts of infringement in this judicial district and does regular business in this judicial district, including offering to sell and/or selling the products and services accused of infringement into this judicial district.

12.     Defendant IPG Photonics Corporation is a privately held company with its world headquarters located at 50 Old Webster Road, Oxford, Massachusetts 01540.   IPG has committed acts of infringement in this judicial district and does regular business in this judicial district, including offering to sell and/or selling the products and services accused of infringement into this judicial district.

13.     Defendant PhotoMedex, Inc. is a Delaware corporation with a principal place of business at 147 Keystone Drive, Montgomeryville, PA 18936.  PhotoMedex has committed acts of infringement in this judicial district and does regular business in this judicial district, including offering to sell and/or selling the products and services accused of infringement into this judicial district.

14.     Defendant Surgical Laser Technologies, Inc. is a Delaware corporation with a principal place of business at 147 Keystone Drive, Montgomeryville, PA 18936.  SLT, a wholly owned subsidiary of PhotoMedex, has committed acts of infringement in this judicial district and

does regular business in this judicial district, including offering to sell and/or selling the products and services accused of infringement into this judicial district.

15.     Defendant Xintec Corporation (d/b/a Convergent Laser Technologies) is a California Corporation with a principal place of business at 1660 South Loop Road, Alameda, California 94502.   Convergent has committed acts of infringement in this judicial district and does regular business in this judicial district, including offering to sell and/or selling the products and services accused of infringement into this judicial district.

16.     Defendant Trimedyne, Inc. is a Nevada corporation with a principal place of business at 25901Commercentre Drive, Lake Forest, California 92618.   Trimedyne has committed acts of infringement in this judicial district and does regular business in this judicial district, including offering to sell and/or selling the products and services accused of infringement into this judicial district.

17.     Defendant Laserscope is a California corporation with a principal place of business at 3070 Orchard Drive, San Jose, California 95134-2011.   Laserscope is a wholly owned subsidiary of American Medical Systems, Inc.   Laserscope has committed acts of infringement in this judicial district and does regular business in this judicial district, including offering to sell and/or selling the products and services accused of infringement into this judicial district.

18.     Defendant CardioGenesis Corporation is a California corporation with a principal place of business at 11 Musick, Irvine, California 92610.  CardioGenesis has committed acts of infringement in this judicial district and does regular business in this judicial district, including

offering to sell and/or selling the products and services accused of infringement into this judicial district.

19.     Defendant New Star Lasers, Inc. is a California corporation with a principal place of business at 9085 Foothills Blvd., Roseville, California 95747. New Star has committed acts of infringement in this judicial district and does regular business in this judicial district, including offering to sell and/or selling the products and services accused of infringement into this judicial district.

20.     This Court has personal jurisdiction over all defendants by virtue of each of their acts of patent infringement which have been committed in this judicial district, and by virtue of each defendant's transaction of business in Massachusetts.

## CANDELA'S ACTS OF PATENT INFRINGEMENT

21.     Candela has infringed one or more claims of each of the CardioFocus Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the SmoothBeam laser and laser systems. Candela has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

22.     Candela's infringement has injured CardioFocus and CardioFocus is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

23.     On November 29, 2005 CardioFocus sent a letter via Federal Express to Mr. Gerard E. Puorro, the President and CEO of Candela, informing Candela of its infringement of the CardioFocus Patents. The letter included a copy of each of the CardioFocus patents and an

exemplary claim chart comparing the SmoothBeam laser and laser systems to claim 1 of the '073 patent.

24.    CardioFocus gave Candela actual notice of its infringement of the CardioFocus Patents no later than November 29, 2005.

25.    Candela's infringement has occurred with knowledge of the CardioFocus patents and has been willful in violation of 35 U.S.C. § 284 ¶ 2.

## IPG'S ACTS OF PATENT INFRINGEMENT

26.    IPG has infringed one or more claims of the '073 Patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the ELR and TLR lasers and laser systems.  IPG has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

27.    IPG's infringement has injured CardioFocus and CardioFocus is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

28.    On November 29, 2005 CardioFocus sent a letter via Federal Express to Mr. Angelo Lopresti, the Vice President and General Counsel of IPG, informing IPG of its infringement of the CardioFocus Patents. The letter included a copy of each of the CardioFocus patents and an exemplary claim chart comparing the ELR and TLR Series of lasers and laser systems to claim 1 of the '073 patent.

29.    CardioFocus gave IPG actual notice of its infringement of the CardioFocus Patents no later than November 29, 2005.

30.     IPG's infringement has occurred with knowledge of the CardioFocus patents and has been willful in violation of 35 U.S.C. § 284 ¶ 2.

## PHOTOMEDEX'S ACTS OF PATENT INFRINGEMENT

31.     PhotoMedex has infringed one or more claims of each of the CardioFocus Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the LaserPro CTH laser and laser systems.  PhotoMedex has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

32.     PhotoMedex's infringement has injured CardioFocus and CardioFocus is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

33.     On November 30, 2005 CardioFocus sent a letter via Federal Express to Mr. Jeffrey F. O'Donnell, the President and CEO of PhotoMedex, informing PhotoMedex of its infringement of the CardioFocus Patents. The letter included a copy of each of the CardioFocus patents and an exemplary claim chart comparing the LaserPro CTH laser and laser systems to claim 1 of the '073 patent.

34.     CardioFocus gave PhotoMedex actual notice of its infringement of the CardioFocus Patents no later than November 30, 2005.

35.     PhotoMedex's infringement has occurred with knowledge of the CardioFocus patents and has been willful in violation of 35 U.S.C. § 284 ¶ 2.

## SLT'S ACTS OF PATENT INFRINGEMENT

36.    SLT has infringed one or more claims of each of the CardioFocus Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the LaserPro CTH laser and laser systems.  SLT has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

37.    SLT's infringement has injured CardioFocus and CardioFocus is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

38.    On November 30, 2005 CardioFocus sent a letter via Federal Express to Mr. Michael R. Stewart, the President and CEO of SLT, informing SLT of its infringement of the CardioFocus Patents. The letter included a copy of each of the CardioFocus patents and an exemplary claim chart comparing the LaserPro CTH laser and laser systems to claim 1 of the '073 patent.

39.    CardioFocus gave SLT actual notice of its infringement of the CardioFocus Patents no later than November 30, 2005.

40.    SLT's infringement has occurred with knowledge of the CardioFocus patents and has been willful in violation of 35 U.S.C. § 284 ¶ 2.

## CONVERGENT'S ACTS OF PATENT INFRINGEMENT

41.    Convergent has infringed one or more claims of each of the CardioFocus Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Odyssey 30 laser and laser systems.  Convergent has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the

United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

42.     Convergent's infringement has injured CardioFocus and CardioFocus is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

43.     On December 1, 2005 CardioFocus sent a letter via Federal Express to Mr. Mark H. Chim, the President of Convergent, informing Convergent of its infringement of the CardioFocus Patents.  The letter included a copy of each of the CardioFocus patents and an exemplary claim chart comparing the Odyssey 30 laser and laser system to claim 1 of the '073 patent.

44.     CardioFocus gave Convergent actual notice of its infringement of the CardioFocus Patents no later than December 1, 2005.

45.     Convergent's infringement has occurred with knowledge of the CardioFocus patents and has been willful in violation of 35 U.S.C. § 284 ¶ 2.

## TRIMEDYNE'S ACTS OF PATENT INFRINGEMENT

46.     Trimedyne has infringed one or more claims of each of the CardioFocus Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the OmniPulse laser and laser systems.  Trimedyne has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

47.     Trimedyne's infringement has injured CardioFocus and CardioFocus is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

ID # 547200v01/10539-27/ 02.19.2008

48.     On November 29, 2005 CardioFocus sent a letter via Federal Express to Mr. Marvin Loeb, the Chairman and CEO of Trimedyne, informing Trimedyne of its infringement of the CardioFocus Patents. The letter included a copy of each of the CardioFocus patents and an exemplary claim chart comparing the Trimedyne OmniPulse Holmium Laser System to claim 1 of the '073 patent.

49.     CardioFocus gave Trimedyne actual notice of its infringement of the CardioFocus Patents no later than November 29, 2005.

50.     Trimedyne's infringement has occurred with knowledge of the CardioFocus patents and has been willful in violation of 35 U.S.C. § 284 ¶ 2.

### LASERSCOPE'S ACTS OF PATENT INFRINGEMENT

51.     Laserscope has infringed one or more claims of each of the CardioFocus Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the StoneLight laser and laser systems.  Laserscope has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

52.     Laserscope's infringement has injured CardioFocus and CardioFocus is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

53.     On November 29, 2005 CardioFocus sent a letter via Federal Express to Mr. Peter Hadrovic, the Vice President of Legal Affairs and General Counsel of Laserscope, informing Laserscope of its infringement of the CardioFocus Patents. The letter included a copy of each of the CardioFocus patents and an exemplary claim chart comparing the Laserscope StoneLight laser and laser systems to claim 1 of the '073 patent.

ID # 547200v01/10539-27/ 02.19.2008

54.     CardioFocus gave Laserscope actual notice of its infringement of the CardioFocus Patents no later than November 29, 2005.

55.     Laserscope's infringement has occurred with knowledge of the CardioFocus patents and has been willful in violation of 35 U.S.C. § 284 ¶ 2.

## CARDIOGENESIS' ACTS OF PATENT INFRINGEMENT

56.     CardioGenesis has infringed one or more claims of each of the CardioFocus Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Solargen, TMR and New Star lasers and laser systems.   CardioGenesis has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

57.     CardioGenesis' infringement has injured CardioFocus and CardioFocus is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

58.     On November 29, 2005 CardioFocus sent a letter via Federal Express to Mr. Michael J. Quinn, the Chairman, President and CEO of CardioGenesis, informing CardioGenesis of its infringement of the CardioFocus Patents.   The letter included a copy of each of the CardioFocus patents and an exemplary claim chart comparing the Solargen, TMR and New Star lasers and laser systems to claim 1 of the '073 patent.

59.     CardioFocus gave CardioGenesis actual notice of its infringement of the CardioFocus Patents no later than November 29, 2005.

60.     CardioGenesis' infringement has occurred with knowledge of the CardioFocus patents and has been willful in violation of 35 U.S.C. § 284 ¶ 2.

## NEW STAR'S ACTS OF PATENT INFRINGEMENT

61.     New Star has infringed one or more claims of each of the CardioFocus Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the NS 1500 laser and laser systems.  New Star has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

62.     New Star's infringement has injured CardioFocus and CardioFocus is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

63.     On November 29, 2005 CardioFocus sent a letter via Federal Express to Mr. David Jennings, the CEO of New Star, informing New Star of its infringement of the CardioFocus Patents. The letter included a copy of each of the CardioFocus patents and an exemplary claim chart comparing the NS 1500 laser and laser systems to claim 1 of the '073 patent.

64.     CardioFocus gave New Star actual notice of its infringement of the CardioFocus Patents no later than November 29, 2005.

65.     New Star's infringement has occurred with knowledge of the CardioFocus patents and has been willful in violation of 35 U.S.C. § 284 ¶ 2.

## VENUE

66.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CardioFocus, asks this Court to enter judgment against each and every defendant and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

a.   An award of damages adequate to compensate CardioFocus for the infringement that has occurred, together with prejudgment interest from the date infringement of the CardioFocus Patents began;

b.   An award to CardioFocus of all remedies available under 35 U.S.C. § 284;

c.   An award to CardioFocus of all remedies available under 35 U.S.C. § 285; and,

d.   Such other and further relief as this Court or a jury may deem proper and just.

Respectfully Submitted,

/s/ Nicholas J. Nesgos
Nicholas J. Nesgos (BBO # 553177)
nnesgos@pbl.com
POSTERNAK, BLANKSTEIN & LUND
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
Tel: (617) 973-6100

Gregory P. Casimer (casimer@nshn.com)
Frederick C. Laney (laney@nshn.com)
Kara L.Szpondowski (Szpondowski@nshn.com)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Tel:   (312) 236-0733
*Attorneys for Plaintiff, CardioFocus, Inc.*